IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS M. ORTIZ-MARIN,

    Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CIVIL NO. 10-1554 (CVR)

**OPINION AND ORDER**

Plaintiff Iris M. Ortiz-Marín (hereafter plaintiff "Ortiz-Marín") filed a *pro-se* complaint against the Commissioner of Social Security (hereafter "Commissioner") for judicial review of her claim for a period of disability . (Docket No. 2).[1]

On August 12, 2013, the Commissioner was granted ten (10) days to respond to plaintiff's complaint. (Docket No. 20).

On August 15, 2013, the Commissioner requested the case to be remanded for good cause and further action by the Commissioner. (Docket No. 20). The Commissioner submits it is seeking remand to reconstruct the administrative record, hold another hearing, and issue a new decision inasmuch as the administrative record is incomplete.  It further concedes the claim file of the administrative judge's decision dated June 5, 2008, is not available, as the paper file was destroyed in June 2011.  Therefore, a complete certified administrative record cannot be prepared. Id. at p. 1.

---

[1] On March 22, 2013, judgment dismissing the Complaint without prejudice was entered under the belief that Ortiz-Marín had failed to prosecute her case. (Docket No. 11). However, on May 17, 2013, after considering plaintiff's Motion to Reopen Case (Docket No. 13), the court reopened the case, ordered the issuance of new summons and appointed *pro-bono* counsel to plaintiff. (Docket No. 14).

Iris M. Ortiz-Marín v. Commissioner of Social Security
Civil No. 10-1554 (CVR)
Opinion and Order
Page No. 2

_____

The request by the Commissioner is considered good cause for remand as per joint conference committee in the Social Security Disability Amendment of 1980. H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)("Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the secretary for appropriate action to produce a record which the courts may review under [42 U.S.C. § ] 205(g) of the act."); see also, McKenzie v. Astrue, 442 Fed.Appx. 161, 163 (5th Cir. 2011).

Therefore, this United States Magistrate Judge orders judgment be entered remanding the case to the Commissioner of Social Security.

## CONCLUSION

In view of the foregoing, the Commissioner's Motion to Remand (Docket No. 20) is GRANTED.  This case is remanded to the Commissioner for further administrative action.

Judgment is to be entered accordingly.

In San Juan, Puerto Rico, on this 19th day of August of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED   STATES   MAGISTRATE   JUDGE